CUYAHOGA COUNTY BAR ASSOCIATION *v.* KING.

[Cite as *Cuyahoga Cty. Bar Assn. v. King,*
109 Ohio St.3d 95, 2006-Ohio-1932.]

(No. 2005–1947—Submitted December 14, 2005—Decided May 3, 2006.)

---

**Per Curiam.**

{¶ 1} Respondent, Michael Leonard King of Independence, Ohio, Attorney Registration No. 0031364, was admitted to the Ohio bar in 1984. On August 17, 2005, we indefinitely suspended respondent's license to practice law for violations of DR 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law), 6–101(A)(3) (prohibiting a lawyer from neglecting a legal matter), and 9–102(B)(3) (requiring a lawyer to maintain complete records of and appro-

priately account for client funds), as well as Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation) and VI(1)(D) (requiring attorneys to keep the court's attorney-registration section apprised of any address changes). *Cuyahoga Cty. Bar Assn. v. King,* 106 Ohio St.3d 102, 2005-Ohio-3955, 832 N.E.2d 45.

{¶ 2} On April 18, 2005, relator, Cuyahoga County Bar Association, filed a complaint charging respondent with additional misconduct. When service of the complaint on respondent by certified mail could not be completed, the complaint was served on the Clerk of the Supreme Court as respondent's agent pursuant to Gov.Bar R. V(11)(B). Respondent did not answer, and relator filed a motion for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion and made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

{¶ 3} In June 2002, Daniel Green retained respondent to represent him and paid $250 to respondent as a partial retainer for legal services. Green later paid an additional $100 to respondent as the balance of the retainer. After his initial meeting with respondent in June 2002, Green tried repeatedly to contact respondent by telephone, mail, e-mail, and in person. Respondent did not reply, never did any legal work for Green, and never returned the $350 that Green had paid.

{¶ 4} Respondent did not reply to the grievance filed by Green with relator and did not answer relator's complaint.

{¶ 5} The board found that respondent had violated the following Disciplinary Rules: DR 1–102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(6), 6–101(A)(3), 7–101(A)(1) (barring an attorney from intentionally failing to seek the lawful objectives of a client), 7–101(A)(2) (barring a lawyer from intentionally failing to carry out a contract of employment), and 9–102(B)(4) (requiring prompt payment of the client's funds or other property in the lawyer's possession that the client is entitled to receive), as well as Gov.Bar R. V(4)(G).

## Sanction

{¶ 6} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As aggravating factors, the board found that respondent had displayed a lack of cooperation in the disciplinary process and had failed to make restitution for his misconduct. BCGD Proc.Reg. 10(B)(1)(e) and (i).

{¶ 7} The one mitigating factor cited by the board was respondent's diagnosed depression disorder. BCGD Proc.Reg. 10(B)(2)(g). The board gave that factor diminished weight, however, because—as we noted in respondent's other recent disciplinary case—respondent did not follow through with the treatment contract that he signed with the Ohio Lawyers Assistance Program. *Cuyahoga Cty. Bar Assn. v. King,* 106 Ohio St.3d 102, 2005-Ohio-3955, 832 N.E.2d 45, ¶ 18.

{¶ 8} Relator recommended that respondent be permanently disbarred, but the master commissioner and the board recommended that respondent's license to practice law be indefinitely suspended, with the suspension to run concurrently with the indefinite suspension that we imposed on August 17, 2005.

{¶ 9} We have reviewed the board's report and the evidence in the record, and we hold that respondent violated all of the provisions cited in the report. We also agree with the board that an indefinite suspension is warranted, although we conclude that it should run consecutively to the respondent's earlier indefinite suspension because of the serious nature of respondent's misconduct and because he failed to cooperate in the disciplinary process.

{¶ 10} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio, and the suspension in this case will run consecutively to the suspension imposed on August 17, 2005. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., would impose an indefinite suspension to run concurrently with the indefinite suspension imposed on August 17, 2005.

———————

Ellen S. Mandell, Bar Counsel; McDonald Hopkins Co., L.P.A., and Steven L. Gardner; and Blaise Giusto, for relator.